Larriante J. SUMBRY, Petitioner–
Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

No. 02–3445.

United States Court of Appeals,
Seventh Circuit.

Submitted April 29, 2003.*

Decided April 29, 2003.

Rehearing Denied July 11, 2003.

Before COFFEY, RIPPLE, and
DIANE P. WOOD, Circuit Judges.

## ORDER

Indiana prisoner Larriante J. Sumbry filed in the district court a petition under 28 U.S.C. § 2254 challenging several disciplinary sanctions. Mr. Sumbry alleged that his due process rights were violated because prison officials did not give him a "credit class hearing" before taking away his earned good-time credit or demoting him in credit-earning class. The district court denied the petition, concluding that Mr. Sumbry had alleged only a violation of prison policy or state law, rather than a constitutional violation necessary for relief.

For each of the disciplinary violations, after conducting a hearing and finding him guilty of the charged infraction, a prison disciplinary board either took away good-time credit from Mr. Sumbry or demoted him in credit-earning class. Indiana pris-

---

* Because the district court denied Mr. Sumbry's § 2254 petition during initial screening, Superintendent Davis was never served with process and, therefore, is not participating in this appeal. After examining Mr. Sumbry's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the petitioner's brief and the record. *See* Fed. R.App. P. 34(a)(2).

oners have a liberty interest in good-time credits and are therefore entitled to due process before the state revokes those credits or demotes them to a lower credit-earning class. *Montgomery v. Anderson,* 262 F.3d 641, 645–46 (7th Cir.2001); *Webb v. Anderson,* 224 F.3d 649, 651–52 (7th Cir.2000). Due process entails: (1) advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) "some evidence" to support the decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Mr. Sumbry admits that he received a disciplinary hearing and does not allege that prison officials violated any of the corresponding constitutional protections or that he was not afforded administrative appeals. Rather, he alleges that prison officials violated state law by not providing him *another* hearing (and corresponding appeal), which he refers to as a "credit class hearing," to review the imposed sanctions. But our reading of the cited statutes, Ind.Code §§ 35–50–6–4, 35–50–6–5, 35–50–6–5.5, does not indicate that Indiana law requires anything beyond the disciplinary hearing and administrative appeals that Mr. Sumbry was already given. And even if Indiana law were to prescribe such a hearing, breaches of state law cannot be the basis of § 2254 relief unless they also implicate constitutional violations. *See Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir.2002); *Piggie v. Hanks,* 98 F.Supp.2d 1003, 1008 (N.D.Ind.2000). Therefore, the

district court properly denied Mr. Sumbry's petition.

AFFIRMED.